## No. 1000

## CINCINNATI TRACT. CO. v. SCHMIDT

Ohio Appeals, 1st Dist., Hamilton Co.

Decided Jan. 25, 1926

85. APPEALS—To justify reversal verdict must be manifestly against weight of evidence.

225. CHARGE TO JURY—Reading from an amended petition only to inform jury of allegations in plaintiff's petition cannot be included as part of a charge and is not error.

355. DAMAGES—Verdict of $50JJ is not ercessive for the wrongful death of a healthy vigorous child of eight.

HAMILTON, J.

This action was brought originally in the Hamilton Common Pleas against the Cincinnati Traction Co. to recover damages for the wrongful death of Dorothy Schmidt, an eight year old child, while crossing a street in Cincinnati, who was struck and killed by a street car. In the trial court a verdict for $7000 was returned in favor of the administrator which was reduced to $5000 by the trial judge.

The principal assignment of error was upon the question of whether or not the failure of the motorman to keep a lookout was the proximate cause of the injury. Schmidt introduced two witnesses one of which saw the accident in its entirety and the other who saw part thereof. Both testified to the fact that the motorman was not keeping a lookout. The motorman testified that the child ran under the car.

Another assignment of error was in the general charge of the trial court which charged upon the doctrine of last clear chance when there was no evidence in the case sufficient to present this doctrine. The Traction Co. further contended that the damage was excessive. The Court of Appeals held:

1. Schmidt's witnesses and the motorman's testimony are hopelessly in conflict and the jury was justified upon the evidence presented to return a verdict in favor of Schmidt.

2. From the facts presented, it would not be difficult to disagree with the jury in its finding but it is not for this court to reverse a verdict of the trial court unless the evidence is manifestly against the weight of the evidence.

3. The court did not charge upon the doctrine of the last clear chance but read from Schmidt's amended petition concerning the negligence of the motorman that when he saw the danger he did not stop his car.

4. This was read by the court and was informatory as to the allegations in the petition and was not given as a part of the charge.

5. The $5000 verdict is not excessive for the wrongful death of a healthy, vigorous child, larger verdicts having been upheld by this and other courts.

Judgment affirmed.

Attorneys—Leo. J. Brumleve for Company; Bettman, Riesenberg, Cohen & Steltenpohl and Clarence F. Denning for Schmidt; all of Cincinnati.